UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:12-CR-75 |
| | ) | JUDGE JORDAN |
| SYLVANUS MICHAEL JONES | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Sylvanus Michael Jones, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Jones' supervised release should be revoked and that he should receive a sentence of five (5) months followed by two (2) years of supervised release with the same conditions previously imposed. The Court recommends that the defendant receive credit for time served since his arrest on June 19, 2014, and that he serve the incarceration term at FPC Lee, Virginia, which is located closest to his family.

Mr. Jones agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1)  The right to the assistance of counsel for his defense.

(2)  The right to see and hear all the witnesses and have them cross-examined in his defense.

(3)  The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Jones stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall refrain from any unlawful use of a controlled substance.

(2) **Special Condition**: The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse.

Mr. Jones submitted a urine sample on February 7, 2014, which tested presumptively positive for marijuana. He admitted smoking marijuana on February 5, 2014. The Court was previously advised of this conduct on March 18, 2014.

On January 31, February 24, and March 27, 2014, Mr. Jones failed to report for a urine test per the Code-a-Phone's instructions.

(3) **Standard Condition No. 2**: The defendant shall report to the probation officer, as directed by the Court or probation officer.

Mr. Jones was contacted telephonically on March 30, 2014, and instructed to report to the United States Probation office on April 1, 2014. He called that date to reschedule, due to transportation problems. The appointment was rescheduled to April 7, 2014. Mr. Jones failed to report that date as instructed. On April 17, 2014, U.S. Probation Officer Paul R. Harris went to Mr. Jones' home and spoke with his girlfriend. She stated that Mr. Jones was assisting his mother. She was instructed to have Mr. Jones call the probation officer on April 18, 2014. Mr. Jones failed to call on that date.

On April 29, 2014, U.S. Probation Officer Shaquana Kennedy was in Kingsport and attempted to make contact with Mr. Jones at his residence. Upon arrival, she noted two individuals loading items into a truck. She spoke with a female at the residence who stated Sylvanus Jones was not there, but that he was assisting his mother. Officer Kennedy asked the female if Mr. Jones was moving out of the residence. She replied that she was moving, and that Mr. Jones was remaining at the residence. The female was asked by Officer Kennedy to have Mr. Jones contact Officer Paul R. Harris by phone as soon as possible.

> After speaking with Officer Kennedy on April 29, 2014, Officer Paul R. Harris called Mr. Jones' mother, and she noted Mr. Jones was not with her, but that she would see him later that day. She was asked to notify Mr. Jones to report to Officer Harris' office on April 30, 2014, at 10:00 a.m. Mr. Jones failed to report and failed to contact the probation officer by phone.
>
> On May 2, 2014, Officer Harris left a message on Mr. Jones' mobile number instructing him to report that same date by 2:00 p.m. Officer Harris also contacted Mr. Jones' mother by phone, and asked her to relay the same message. Mr. Jones failed to report as instructed.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory guideline range of 3 to 9 months would apply given his Criminal History Category I. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of 24 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is

3

hereby sentenced to five (5) months followed by two (2) years of supervised release with the same conditions previously imposed.

_____
Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____
J. Gregory Bowman
Assistant U.S. Attorney

_____
Paul R. Harris
U.S. Probation Officer

_____
Sylvarus Michael Jones
Defendant

_____
Nikki C. Pierce
Attorney for Defendant

4